UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MORTON BUILDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-01328-JES-JEH |
| | ) |
| SWS INNOVATIONS, LLC, and | ) |
| WILDWOOD IVY, INC. d/b/a STRONG | ) |
| WAY SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This case comes before the Court on Defendants' Motion (Doc. 13) to Dismiss for Failure to State a Claim. Plaintiff has filed a Memorandum in Opposition (Doc. 16). For the reasons that follow, Defendants' Motion to Dismiss is DENIED.

### BACKGROUND

Plaintiff filed the Amended Complaint (Doc. 3) in this case on September 11, 2018. Plaintiff alleges that Defendants have literally infringed at least one claim of Plaintiff's patent, United States Patent No. 7,343,713 (the "Morton Patent"). That patent, which was attached to the Amended Complaint, contains eighteen claims. The first describes a jack piling assembly with four components, and the remaining seventeen claims are variations on the first. Plaintiff states in the Amended Complaint that Defendant's Strong Way Column "literally infringes at least independent claim 1 of the Morton Patent." Doc. 3, p. 2. Plaintiff also alleges that they notified Defendant of the existence of the Morton Patent (as well as Strong Way's alleged infringement) in a letter dated August 10, 2018. Doc. 3, p. 3. Defendant filed the Motion to Dismiss (Doc. 13)

1

on November 6, 2018, and Plaintiff filed the Memorandum in Opposition (Doc. 16) on November 20. This Order follows.

## LEGAL STANDARD

Since the Supreme Court amended the Federal Rules of Civil Procedure in 2015, courts have applied the same *Twombly/Iqbal* pleading standard in patent cases as in other civil cases, rather than using Form 18 to evaluate patent infringement complaints. *See Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1258–59 (Fed. Cir. 2018).[1] This standard requires that plaintiffs state a claim for relief that is plausible on its face, including sufficient factual content to permit courts to draw a "reasonable inference" that defendant are liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## DISCUSSION

In this case, Plaintiff has alleged that the Strong Way Column literally infringes at least claim one of the Morton Patent. Doc. 3, p. 2. Defendant moves to dismiss the Amended Complaint because Plaintiff did not allege facts about the structure of the Strong Way Column, or how it infringes on the patent, outside of the conclusory statement that it does. Doc. 13, p. 3. However, the Federal Circuit reversed a dismissal on very similar grounds in May of this year: in *Disc Disease Solutions*, the plaintiff alleged that three specific products (identified by name and with photographs) met every element of "at least one claim" of the plaintiff's patents. *Disc Disease Solutions,* 888 F.3d at 1260. The Court noted that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the ground upon

---

[1] Since 1982, the U.S. Court of Appeals for the Federal Circuit has had exclusive jurisdiction over appeals in which a complaint or compulsory counterclaim asserts a cause of action arising under federal patent laws. *See* The Federal Court Improvement Act of 1982, Pub. L. No. 97-164, 96 Stat. 25 (1982); 28 U.S.C. § 1295.

which it rests." *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The disclosures and allegations in that case sufficed to give the defendant fair notice of infringement of the asserted patents, and so the Federal Circuit reversed the district court's dismissal of the complaint. *Id.* The case at hand demands the same result. Just as in *Disc Disease Solutions*, this Plaintiff has specified which of Defendant's products allegedly infringes on the patent, and Plaintiff has specified an independent claim within the patent that the Strong Way Column allegedly infringes. Doc. 3, p. 2. This suffices to state a plausible claim for relief in a patent infringement case under *Twombly/Iqbal*—Defendant is "on notice as to what he must defend." *See Artrip v. Ball Corp.*, 735 Fed. App'x 708, 715 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

## CONCLUSION

For the reasons stated herein, Defendants' Motion (Doc. 13) to Dismiss for Failure to State a Claim is DENIED.

Signed on this 19th day of December, 2018.

/s James E. Shadid
James E. Shadid
Chief United States District Judge